IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM WAYNE (BILL) COTTON and
MICHAEL TRIM,                                                                                   PLAINTIFFS

VS.                                                                       CIVIL ACTION NO.: 1:04CV193

CORINTH GAS & WATER DEPARTMENT,
MARIA CAMPBELL and RON LILLY,                                                    DEFENDANTS


**ORDER**

This cause comes before the court on the motion of defendants for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion for summary judgment should be granted as to plaintiffs' federal claims and that the court should decline to exercise supplemental jurisdiction over the remaining state law claim.

This case was originally filed as a sex discrimination, "14th amendment," and malicious interference with employment relations action arising out of an alleged sexual triangle (or, more specifically, quadrilateral or even pentagon) at Corinth Gas & Water (CG&W).[1] In 2004, plaintiffs William Cotton and Michael Trim were each fired from CG&W by manager Ron Lilly, and they each allege that they were fired based upon their having had prior sexual relations with CG&W employee Maria Campbell. Campbell denies having had any such affairs. At any rate, plaintiffs allege that they were fired by Lilly due to the fact that the manager had his own ongoing infatuation and/or affair with Campbell and that he fired plaintiffs out of jealousy and/or anger. Plaintiffs filed suit in this court, alleging the previously mentioned federal and state

---

[1] Plaintiffs allege that former CG&W employee Kevin Patterson was also fired by Lilly based upon his allegedly having had an affair with Campbell.

causes of action.

Defendants have moved for summary judgment as to all claims against them. In their response, plaintiffs concede that they have no valid sex discrimination claim, and they accordingly do not oppose summary judgment as to this claim. Plaintiffs maintain that they do have a valid 14th Amendment claim, but this argument lacks merit on several bases. First, defendants note that plaintiffs initially asserted a 14th Amendment substantive due process claim in their complaint, and they correctly argue that plaintiffs should not be permitted to raise a new cause of action at this juncture. Even if this court were to consider the Equal Protection Clause claim on its merits, it seems quite doubtful that Congress had anything similar to this tawdry tale of office sexual politics in mind when it drafted the Equal Protection Clause to the 14th Amendment. Moreover, plaintiffs do not allege that they were fired based upon their being members of a protected class, but, instead, based upon their being men who had affairs with the alleged subject of Mr. Lilly's infatuation. Plaintiffs argue that it was "arbitrary" that they were fired based upon having had an affair with Campbell, but it borders on the frivolous to argue that this establishes an equal protection claim. Finally, while as noted *infra*, CG&W appears to be an arm of the City of Corinth and thus potentially liable for its own Constitutional violations, the 14th Amendment does not serve as a cause of action for monetary damages without resort to 42 U.S.C. § 1983. While this issue is not briefed, it seems highly doubtful, to say the least, that the alleged acts in this case were the result of an official City of Corinth policy or custom so as to give rise to municipal liability under § 1983. The court therefore concludes that plaintiffs' 14th Amendment claims border on the frivolous and should clearly be dismissed.

Although defendants (who may well be satisfied to be in federal court) do not seek dismissal on jurisdictional grounds, the court would note at this juncture that the sole remaining

2

claim is a state law malicious interference with employment relations claim. Plaintiffs and defendants are all Mississippi residents, and diversity of citizenship is thus plainly lacking. In a case such as this one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) grants this court discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. Indeed, the Fifth Circuit has noted that the "general rule favor(s) dismissal of state claims when the federal claims to which they are pendent are dismissed," *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999), and the court concludes that it should follow the general rule in this case.

In so concluding, the court places significant weight upon the fact that the parties initially concentrated upon plaintiffs' federal claims and there remain many legal uncertainties regarding plaintiffs' remaining state law claim. The complaint asserts that CG&W is a political subdivision of the state of Mississippi,[2] and this raises obvious questions in this court's mind as to whether the Mississippi Tort Claims Act applies to the state law claim. Assuming that it does, it is unclear whether the various procedural (including notice of claim) and substantive requirements of the MTCA have been followed in this case. If the MTCA does apply (and if its procedural requirements have been met), then plaintiffs could arguably assert claims against CG&W but could seemingly not recover damages against its individual employees. However, there are many legal uncertainties as to whether CG&W could be held liable for Lilly's alleged actions in maliciously interfering with plaintiffs' employment contract.[3]

---

[2]*See also Putt v. City of Corinth*, 579 So.2d 534, 535 (Miss. 1991)(noting that CG&W is an "an arm of the City of Corinth."

[3]The court would note that plaintiffs allege that Lilly acted solely out of personal motivations, and it is far from clear that CG&W faces liability in this context, as a matter of substantive Mississippi law.

It appears, but is far from certain, that plaintiffs may have intended to assert claims against the individual employees outside the scope of the MTCA. Indeed, plaintiffs allege "malicious" interference with contract, and it is certainly arguable that this allegation of "malice" takes this case outside the scope of the MTCA and permits plaintiffs to assert claims solely against Campbell and Lilly individually. *See* Miss. Code Ann. § 11-46-5(2)(excluding claims based on "malice" from the MTCA).[4] However, plaintiffs assert claims against CG&W as well, and it is thus very much unclear whether the remaining state law claim should be analyzed as a claim against CG&W under the MTCA or as a claim against individual employees outside the scope of the MTCA. Given the numerous legal uncertainties surrounding plaintiffs' state law claim, the court would not even know where to begin analyzing the motion for summary judgment as to this claim. This is more than sufficient reason for this court to follow the general rule and decline to exercise supplemental jurisdiction over this claim.

In light of the foregoing, defendants' motion for summary judgment [45-1] will be granted as to plaintiffs' federal claims, and the remaining state law claim will be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 21st day of December, 2005.

                                                          /s/ Michael P. Mills
                                                         **UNITED STATES DISTRICT JUDGE**

---

[4]The court would note that, assuming this malicious interference claim is asserted outside of the scope of the MTCA, a three year statute of limitations would presumably apply. *See Nichols v. Tri-State Brick and Tile Co., Inc.*, 608 So. 2d 324, 329 (Miss. 1992). Plaintiffs were fired in 2004, and any malicious interference claim outside of the scope of the MTCA would not appear to be time-barred.